### 38750. COLEMAN *et al.* v. ARONSON *et al.*

CARLISLE, Judge. The plaintiffs alleged that they owned a tract of land adjoining land owned by the defendants; that they entered into an agreement with the defendants to allow the defendants to construct a street along the dividing line between their lands, one-half on the land of each, and to lay therein water mains, in return for which the plaintiffs were to be allowed to "tap on" to said water main; that after the street was graded and paved and the water main laid in the street along the plaintiff's land, the plaintiffs made application to the City of Atlanta water department for tapping, which was at first granted and later denied on the ground that defendants had not notified the water department to allow such tappings and that the defendants required the payment of $1.84 per foot in order to permit such tappings; that "defendants waited until there was an immediate need for water tappings to demand payments from plaintiffs, and faced with the danger of more damage if water tappings [were] not had immediately, plaintiff[s] [paid] the sum of $994.32 to defendants" in order to secure said tappings; that such payments were made and receipts taken from the defendants containing the proviso that the defendants would return such payments if the plaintiffs prevailed in a suit against the defendants to recover such payments. The defendants filed a general demurrer which was overruled, and the exception here is to that judgment. *Held:*

The petition stated a cause of action, whether construed as a suit for breach of contract or to recover money had and received. As applicable to the latter theory of the case, *Code*

§ 20-1007 provides that voluntary payments cannot be recovered back "unless made under an urgent and immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person or property." No special demurrer was filed, and the allegation in the petition that the payments were made to the defendants under an immediate need for water tappings to prevent more damage, if water tappings were not had, brought the case within one of the exceptions stated in this Code section quoted above, and the trial court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Townsend, P.J., Frankum and Jordan, JJ., concur.*

DECIDED APRIL 5, 1961.

*James M. Roberts,* for plaintiffs in error.
*Charles E. Markeles, Harry O. Markeles,* contra.